# EXHIBIT B

Troutman Pepper Hamilton Sanders LLP
3000 Two Logan Square, Eighteenth and Arch Streets
Philadelphia, PA 19103-2799



troutman.com

**Joseph T. Imperiale**
D 215.981.4124
joseph.imperiale@troutman.com

February 16, 2022

***VIA CERTIFIED MAIL,
RETURN RECEIPT REQUESTED***

TO:   Fidelity and Deposit Company of Maryland, Federal Insurance Company,
and Zurich American Insurance Company
Underwriting Office Addresses:
1400 American Lane, Schaumburg, IL 60196-1056
AND
15 Mountain View Road, Warren, NJ 07059

RE:   Claimant:   Alstom Signaling Inc.
Project:   NJT PTC Installation
Contract No. 10-099X
Principal:   Parsons Transportation Group
Obligee:   New Jersey Transit Corporation
Bond Nos.:   09051680, 82060817, 09121517, and 81619239

To Whom It May Concern:

This office is counsel to Alstom Signaling Inc. in connection with the PTC retrofit project for New Jersey Transit ("NJT").  I write to provide notice of a claim on Parsons Transportation Group's Payment and/or Performance Bonds referenced above, which were provided by Fidelity and Deposit Company of Maryland, Federal Insurance Company, and Zurich American Insurance Company (the "Bonds").

By way of background, United States Congress mandated the implementation of Positive Train Control ("PTC") systems on all major railroads.  To meet its obligations, NJT hired Parsons to design, furnish, construct, test and commission the ASES II PTC system pursuant to Prime Contract No. 10-099x (the "Project").  On or about August 2011, Alstom entered into a Subcontractor Professional Services Agreement with Parsons to provide labor, equipment, materials, and related supplies to Parsons in connection with the Project (the "Subcontract").  Alstom's work included retrofitting NJT's fleet of train cars with PTC signaling equipment ("Carborne Work"), and manufacturing PTC signaling equipment for wayside installation ("Wayside Work").

**Fidelity and Deposit Company of Maryland,**
**Federal Insurance Company, and Zurich American Insurance Company**
February 16, 2022
Page 2



Parsons has defaulted under the terms of its Subcontract with Alstom.  As of the date of this letter Alstom has not received full payment for its work, including the outstanding change orders summarized below:

1. **Additional measures**:  In August 2018 Alstom was directed to maximize the production rate for its Carborne Work for the remainder of 2018 and expedite the balance of remaining train cars to achieve completion as early as possible in 2019.  Alstom was directed to perform the necessary overtime work, and was expressly told that that it would be paid for its overtime costs.  Alstom submitted a cost proposal in September 2018 and, once the work was completed in December 31, 2018, submitted updated costs in January 2019 in the amount of $7,440,461.  Despite Parsons' acknowledgment that Alstom was directed to expedite production in August, Parsons accepted payment from NJT that was substantially lower than what Alstom was due.  For instance, Parsons arbitrarily excluded Alstom's additional work performed in September.  While Parsons made partial payment for Alstom's work, the majority of Alstom's payment remains outstanding.

2. **Extended project durations and additional work**:  The Project was scheduled to complete in December 2016, and Alstom set a fixed price for its work based on this anticipated duration.  However, as of the date of this letter, Alstom's forces remain on the Project.  As a result, Alstom has incurred significant additional costs.

   The Project's extended duration stems from two primary causes: (1) Parsons' agreement to multiple extensions with NJT for reasons outside of Alstom's control; and (2) Parsons' repeated directives for Alstom to perform out-of-scope work on the Project.[1]

   In May 2018, Alstom notified Parsons of impacts that resulted in increased costs and extended the Project schedule beyond December 31, 2018.  In January 2019, Alstom submitted a preliminary estimate of these costs ("Alstom's EOT").  As the work progressed and Alstom's costs and schedule impacts were realized, Alstom revised its projected costs on multiple occasions, including in May and August of 2019.  As of August 2019, the projected costs for the 24 months of extended durations in 2019-2020 were $28,074,293.  Parsons validated Alstom's entitlement and presented Alstom's EOT to NJT for payment.

   In pursuing payment from NJT, Parsons' requested documentation from Alstom, which, in every instance, Alstom provided to Parsons.  However, in mid-2020 Parsons proposed that Alstom would receive approximately $15 million for its extension of time claim.  Alstom rejected this proposal and instructed Parsons not to accept such an amount from NJT as it was insufficient to adequately compensate Alstom for its increased costs of performance.  Contrary to Alstom's

---

[1] Alstom has submitted discrete change order requests for many of these additional work directives, however, the associated costs are largely subsumed by Alstom's broader requests for an equitable adjustment associated with extended Project durations and additional work.

**Fidelity and Deposit Company of Maryland,**
**Federal Insurance Company, and Zurich American Insurance Company**
February 16, 2022
Page 3



express direction, Parsons settled Alstom's EOT with NJT for a substantially discounted amount, as part of a larger settlement that included payment for both Alstom and Parsons' extended durations.  Despite having received over $27m from NJT and acknowledging that more than half is associated with Alstom's EOT work, Parsons kept the payment that NJT paid on Alstom's behalf and has refused to pass through any payment to Alstom.

Instead, after pursuing these sums from NJT for nearly two years, and having settled and received funds from NJT on Alstom's behalf, Parsons, for the first time, notified Alstom of alleged back charges.  Parsons did not provide any documentation supporting its additional work or costs, nor did it include any schedule analysis.  As of the date of this letter, Parsons has refused Alstom's requests for documentation supporting its alleged back charges.  As discussed at length with Parsons, Alstom is due its portion of the NJT payment, as well as additional amounts that were summarily excluded from Parsons' settlement.

In addition to Alstom's EOT for extended performance through December 31, 2020, Parsons unilaterally extended the Project's duration through December 31, 2021.  And while Parsons and NJT acknowledged that entitlement exists for prior extended project durations, Parsons has taken the position that the extension through 2021 is a "no cost" change.  Alstom has submitted an additional cost proposal of $7,561,913.86 for this work.  On January 24, 2022, Parsons rejected Alstom's proposal in a single sentence, broadly concluding that all work in 2021 is part of Alstom's base scope, despite Parson's prior recognition that the Project's duration had been extended for reasons beyond Alstom's control.

3. **Additional unpaid change orders**:  Alstom has also submitted additional change order proposals that remain unpaid.  This includes Alstom's proposal for 50 Lost Cars, which was submitted in May 2019.  The 50 Lost Cars claim stems from vehicle-related delays caused by Parsons and NJT through March 2019.  In particular, Parsons failed to provide the anticipated number of cars for retrofit resulting in extended durations and acceleration efforts to make up lost time.  Parsons has not provided any response to Alstom's claim, and it is unknown whether Parsons submitted these costs to NJT or received payment on Alstom's behalf.

Based on the foregoing, please accept this letter as Alstom's demand upon the Payment and Performance Bonds for this Project.

If the Sureties fail to promptly recognize Alstom's entitlement to payment under the Bonds, this office has been authorized to file an action to enforce Alstom's right against the bonds issued for the Project.

Alstom also hereby requests a copy of the payment and performance bonds for the Project, and the surety's mailing address if not accurately identified in this notice.  Please forward a copy to my attention at the above law offices.

**Fidelity and Deposit Company of Maryland,**
**Federal Insurance Company, and Zurich American Insurance Company**
February 16, 2022
Page 4



Alstom reserves all rights under the Performance and Payment Bonds, its Subcontract with Parsons, or otherwise available at law.

Sincerely,

Joseph T. Imperiale
*Attorney for Alstom Signaling Inc.*